UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X,
MARLENE BEN-BARUCH,

                      Plaintiffs,              **ORDER**
          -against-                        CV 08-120 (DRH)(ARL)

GREENPOINT SAVINGS BANK a/k/a
GREENPOINT BANK., et al.,

                      Defendants.

------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is Forchelli, Curto, Crowe, Deegan, Schwartz, Mineo & Cohn, L.L.P.'s ("Forcehlli, Curto") motion seeking to be relieved as counsel for the plaintiff, Marlene Ben-Baruch. Forchello, Curto seeks to be relieved because Ms. Ben-Baruch has not been paying her legal fees in accordance with their retainer agreement. Ms. Ben-Baruch has opposed the motion by letters dated October 24, 2008 and October 29, 2008. Ms. Ben-Baruch argues that she was the victim of incompetent representation and of the actions taken by the Chapter 7 Trustee in a somewhat related bankruptcy proceeding.

      On October 30, 2008, a telephone conference was held to address the motion. During the conference, Ms. Ben-Baruch acknowledged her inability to pay her legal bills. She also stated her belief that Forchelli, Curto has not adequately represented her before this court and before the Bankruptcy Court. Nonetheless, Ms. Ben-Baruch has asked the court to deny the motion. Although Forchelli, Curto had demonstrated a legal justification for the withdrawal, the court provided Ms. Ben-Baruch with an additional opportunity to advise the court, in writing, if she would be willing to pay her legal fees and if she could cooperate with and listen to the advise of

her counsel. In response, Ms. Ben-Baruch requested that the court recommend a prosecutor to investigate the conduct of the Chapter 7 Trustee and to reserve decision on the motion to withdraw until an investigation can be conducted. For the reasons that follow, Forchelli, Curto's motion is granted.

Local Civil Rule 1.4 requires that an attorney who has appeared as counsel of record for a party "may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." The New York Code of Professional Responsibility, DR 2-110(c)(1)(F) allows for withdrawal "where the client deliberately disregards an agreement or obligation to the lawyer as to expenses and fees." However, the Second Circuit has stated that "[n]on-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." *See Bennett v. Mukasey,* 525 F.3d 222 (2d Cir. 2008)(citing *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006)). Ms. Ben-Baruch has acknowledged that she has insufficient funds to pay her existing legal bills as well as any further bills that will be incurred for legal services rendered. In addition, Ms. Ben-Baruch has indicated that she "has fallen victim to Mr. Kushner," a partner of Forchelli, Curto, and that she cannot afford new counsel because of "the mess created by Mr. Kushner." Although Ms. Ben-Baruch has suggested that Forchelli, Curto be required to "clean up their own mess at their own expense," Ms. Ben-Baruch's supplemental filing suggests that her real issue may be with the Bankruptcy Trustee. In either case, Ms. Ben-Baruch's relationship with her counsel has seriously deteriorated and she is unable to pay their legal fees. Thus, counsel has demonstrated a sufficient legal justification for the

withdrawal.

With respect to Ms. Ben-Baruch's request, the undersigned does not have jurisdiction to refer this matter to a prosecutor. However, under separate cover, the undersigned will redirect Ms. Ben-Baruch's papers to the Clerk of the Bankruptcy Court to take whatever action the court deems appropriate.

Dated: Central Islip, New York  **SO ORDERED:**
      November 12, 2008

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge